UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLORADO

**Civil Action No. 22-cv-01537-NYW-GPG**

TALBOTT'S MOUNTAIN GOLD LLLP, a Colorado limited liability limited partnership;
TALBOTT LAND AND PROPERTY LLLP, a Colorado limited liability limited partnership;
BLAINE D PRODUCE COMPANY LLC, a Colorado limited liability company;
BOX ELDER RANCH, LLC, a Colorado limited liability company;
BOX ELDER RANCH, INC., a Colorado corporation;
MARC ARNUSCH FARMS LLC, a Colorado limited liability company; and
MAUCH FARMS, INC., a Colorado corporation,

Plaintiffs,

v.

JOSEPH M. BARELA, in his official capacity as Executive Director of the Colorado Department of Labor and Employment; and
SCOTT MOSS, in his official capacity as Director of the Division of Labor Standards and Statistics, Colorado Department of Labor and Employment,

Defendants.

**UNOPPOSED MOTION TO PROCEED UNDER PSEUDONYM
BY INTERVENOR DEFENDANT JANE DOE**

Intervenor Defendant Jane Doe respectfully moves this Court to enter an Order allowing her to proceed under pseudonym due to her fear of retaliation and other forms of serious harms if her identity is publicly known.  Neither the interests of the other parties nor the interest of the public will be prejudiced by her participation in the current action while remaining anonymous. In support of this motion, Intervenor Defendant Jane Doe submits the following:

## I.     CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCIVR 7.1

Intervenor Defendant has conferred with counsel for the parties as well as counsel for Intervenor Defendant Colorado Legal Services (CLS) as required under the Local Rules for the U.S. District Court of Colorado. Plaintiffs and Defendants, including Proposed Intervenor Defendant CLS, represent that they do not oppose this motion.

## II.     FACTUAL BACKGROUND

Intervenor Defendant Jane Doe has lived in the southeastern region of Colorado for over two decades, working in the fields and packing sheds of several of the agricultural employers in the area. Jane Doe Declaration ¶ 2 (Ex. A). Having worked for various farmers and ranchers in the southeastern region of Colorado, Jane Doe has seen how closely they work together and share information and resources. Doe Decl. ¶ 11. Jane Doe has also seen how unhappy the farmers and ranchers are about the law that passed that is at issue in this case. Doe Decl. ¶ 4.

Plaintiff landowners and agricultural employers want to be able to prevent their employees, agricultural workers, from receiving essential services from "key service providers" while on their property. Key service providers include healthcare providers, attorneys, government officials, consular representatives, clergy, promotoras and other service providers "to which a farmworker may need access." Colo. Rev. Stat. § 8-13.5-201(7). Plaintiffs brought the instant action against the Directors of the Colorado Department of Labor and Employment to challenge the constitutionality of a statute that seeks to protect agricultural workers' access to key service providers, specifically Colo. Rev. Stat. §§ 8-13.5-202 (b) and (c). In the Scheduling Order, the Plaintiffs and Defendants stipulated that no exchange of Rule 26(a) disclosures is necessary, as the

claims raised in the instant action are pure questions of law and require no in-depth factual inquiry and, therefore, no discovery. Scheduling Order, ECF 30, pg. 4.

Now that the Motion to Intervene has been granted, Intervenor Defendant Jane Doe seeks to defend the rights provided to her and other agricultural workers in Colorado at Colo. Rev. Stat. §§ 8-13.5-202 (b) and (c).[1] She seeks to represent the interests of agricultural workers as an agricultural worker herself who has experienced past harm due to the lack of access to service providers, and who benefits from increased access to service providers such as lawyers, health care workers, and her child's teachers as a result of the access provisions of the statute at issue. Doe Decl. ¶¶ 7-9. However, as a long-time agricultural worker living in a small agricultural town in southeastern Colorado she is well aware of the risks she faces by publicly opposing the agricultural industry in this way -- retaliation, blacklisting, and long-term economic injury and social stigma. Doe Decl. ¶¶ 10-13. She has seen agricultural workers get fired for less and she has seen the same workers get blacklisted from working at other farms or ranches in the area. Doe Decl. ¶ 14. She fears for what would happen to her child and worries that the backlash and retaliation she would face would force her to move from the only home her and her child have ever known. Doe Decl. ¶¶ 16-17. Thus, in order to proceed as an Intervenor Defendant in this action and protect herself from harm, she requests this Court to allow her to do so under the pseudonym "Jane Doe".

### III.     ARGUMENT

Although the Federal Rules of Civil Procedure do not contemplate the anonymity of the parties, the Tenth Circuit has recognized that there may be "exceptional circumstances warranting

---

[1] Intervenor Defendants Colorado Legal Services and Jane Doe motion to intervene filed on November 4, 2022 was granted on November 9, 2022. Minute Order, ECF 40. At the direction of the Court, the Intervenor Defendants' Answer was filed as a separate docket entry on November 9, 2022. *See* Intervenor Defendant Answer, ECF 41.

some form of anonymity in judicial proceedings." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).   Circumstances that have been deemed exceptional to allow for anonymous filings include those of a highly sensitive and personal nature, those that pose a real danger of physical harm or those "where the injury litigated against would be incurred as a result of the disclosure of the [party's] identity." *Id*. (citing *Doe v. Frank*, 951 F.2d 320,324 (11th Cir. 1992)).  Additionally, courts in the Tenth Circuit are to consider the public interest in determining whether some form of anonymity is warranted. *Id. See also Doe v. Bd. of Regents of the Univ. of Colo.,* Civil Action No. 21-cv-02637-RM-KMT, 2022 U.S. Dist. LEXIS 2050, at *12-13 (D. Colo. Jan. 5, 2022) (finding that there was a uniquely weak public interest in knowing the litigants' identities given that issues before the court involved the actions of the other parties and granting the plaintiffs' motion to proceed anonymously).

As a low income, single mother, agricultural worker seeking to participate in this action to defend her right and the rights of other agricultural workers to continued access to essential services -- free from employer interference -- the circumstances in the instant action are indeed exceptional. Moreover, the interest of the public in knowing her identity is extremely weak when weighed against Intervenor Defendant Jane Doe's interest in privacy to protect herself from harm.

> **A. Proposed Defendant Jane Doe has a well-founded fear of retaliation and blacklisting by past and potential future employers that would result in devastating long-term economic injury and social stigma.**

In the Tenth Circuit, a party seeking to proceed under pseudonym may be able to meet the "exceptional circumstances" requirement by showing that disclosure of their identity "would reveal highly sensitive and personal information that would result in a social stigma." *Raiser v.*

4

*Brigham Young Univ.*, 127 Fed. Appx. 409, 411 (10th Cir. 2005) (affirming the trial court's decision that the risk of nothing but potential embarrassment is insufficient to permit anonymity). For immigrant workers, fear of retaliation after one's identity is revealed warrants a party's use of a pseudonym in a legal action. *See Does v. Rodriguez*, Civil Action No. 06-cv-00805-LTB, 2007 WL 684114, at *1 (D. Colo. Mar. 2, 2007) (granting plaintiff migrant farmworkers' motion to file anonymously due to "risk of retaliation by defendant[]" employers); *see also Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1073 (9th Cir. Cal. 2000) (reversing trial court's dismissal of FLSA collective action brought by temporary agricultural foreign workers seeking to file anonymously due to fear of termination, possible deportation and blacklisting and holding that anonymity may be used to protect plaintiffs against economic harms, not simply against physical harms).

If Intervening Defendant Jane Doe is identified, she has a legitimate fear of long-term economic injury and social stigma directly related to the revelation of her identity. Intervenor Defendant Jane Doe is a vulnerable agricultural worker, living and working in a small, rural town in southeastern Colorado. Taking on the large and powerful agricultural sector would very likely result in not only the loss of her current job, but the loss of future employment opportunities as well. *See* Doe Decl. ¶¶ 12-15.

Intervenor Defendant Jane Doe has seen how the agricultural employers in her community collaborate and share information in order to advance their interests. Doe Decl. ¶ 11. She has witnessed her co-workers being fired with threats of being blacklisted and she has seen those workers struggle to find jobs elsewhere. Doe Decl. ¶ 14. Jane Doe fears that the inability to secure

employment long-term in her community could also result in her forcible relocation to her country of origin in order to provide for herself. Doe Decl. ¶ 17.

Jane Doe additionally fears the reputational and social harms that she would face if her identity was revealed. She fears she would be labeled a troublemaker and an enemy of agricultural business, and the resulting stigma would have devastating consequences not only for her, but her child, who attends school alongside children of ranchers and farmers. Doe Decl. ¶¶ 16-17. The cumulative effect of these consequences creates an extraordinarily high risk of individual harm for Intervenor Defendant Jane Doe, constituting exceptional circumstances.

### B. Jane Doe's substantial privacy interest outweighs the public interest in open judicial proceedings under the circumstance of this case.

In the instant case, the public does not have a strong interest in the identity of Intervenor Defendant Jane Doe. In fact, Intervenor Defendant Jane Doe's identity is not necessary to resolve the dispute or even relevant to the issues at hand in this action, as the question presented in the case is a pure question of law which will not require an in-depth factual inquiry.

Courts in the Tenth Circuit weigh the public interest in openness and access to judicial proceedings against the privacy interests of the movant. *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th 1998); *see also Femedeer* 227 F.3d at 1246. Nonetheless, courts have held that the public interest is weaker in open court proceedings when the case at hand will likely be resolved on purely legal grounds, will not require a fact-intensive inquiry that goes beyond what can be alleged in declarations, and therefore will cause no prejudice to the other parties if litigated by a pseudonymously identified party. *See, e.g., Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008) (adopting the Ninth and Tenth Circuits' standard on the propriety of plaintiffs proceeding under pseudonyms and noting that an additional factor to consider in granting a motion

to proceed anonymously is whether "because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities"); *see also See Doe v. Bd. of Regents of the Univ. of Colo.*, 2022 U.S. Dist. LEXIS 2050, at *13.

Relatedly, the U.S. Department of Labor and the Tenth Circuit have identified a public interest in workers being able to confidentially point to violations of labor laws in order to protect the workers' identities and to encourage and facilitate communications between workers and the government about such violations, *see, e.g., Usery v. Ritter*, 547 F.2d 528, 531 (10th Cir. 1977) (holding that the Secretary of Labor was not required to disclose the identity of workers who provided statements in discovery proceedings of a sex discrimination suit).

The instant action concerns Plaintiffs' challenge to the constitutionality of Colo. Rev. Stat. §§ 8-13.5-202 (b) and (c), which seeks to protect agricultural workers' access to key service providers. There appear to be no factual disputes which require resolution by the court. *See* Scheduling Order, ECF 30, pg. 4. Prior to the intervention by Intervenor Defendants Jane Doe and CLS, the parties stipulated to forgoing discovery and stated that the claims raised in the instant action are pure questions of law. Scheduling Order, ECF 30, pg. 4. As such, there is an "atypically weak public interest in knowing [Jane Doe's] identit[y]." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190.

Intervenor Defendant Jane Doe seeks to provide the perspective of a long-time agricultural worker who has been negatively affected by her lack of access to service providers, and who will be practically affected by the outcome of the instant case. Her participation will assist the court in developing a thorough understanding of the effect of the access provisions of Senate Bill 21-087 codified at Colo. Rev. Stat. §§ 8-13.5-202 (b) and (c) and will therefore aid in a just resolution of

7

the issues presented. Because the dispute is a pure question of law, allowing Jane Doe to safely participate by proceeding under pseudonym will not hinder the public interest in open judicial proceedings.

Furthermore, the public will not be prejudiced by Jane Doe's use of a pseudonym. The Tenth Circuit has previously discussed the right of the public to know of facts in cases pertinent to their interest. *Coe v. United States Dist. Court*, 676 F.2d 411, 414 (10th Cir. 1982). In *Coe*, the public had a right to know the identity of a physician who had harmed his patients, particularly as the public included "present and potential patients". *Id.* Here, however, Jane Doe can provide information about how agricultural workers benefit from the service provider access provisions of the new law, and how Plaintiffs' challenge to those provisions would harm her, and if necessary, the public would benefit from learning about her firsthand experience with the bill without needing to know her identity. Jane Doe is not a public figure or, like the physician in *Coe*, someone whose identity must be revealed for the protection of the public. *See, e.g., Doe v. Genesis HealthCare*, 535 F. Supp. 3d 335, 339 (E.D. Pa. 2021) (granting anonymity to an employee in a discrimination case and discussing public interest factors that weigh for and against anonymity, such as whether the party is a public figure); *Doe v. Teti*, Misc. No. 15-01380 (RWR), 2015 WL 6689862, at *2 (D.D.C. Oct. 19, 2015) (listing several considerations for balancing the concerns of a party seeking anonymity with the public interest). Rather, Jane Doe's usage of a pseudonym can protect her from retaliation while providing the public with all the facts necessary to protect their interests.

### IV. CONCLUSION

WHEREFORE, Jane Doe has established a substantial privacy interest that outweighs the customary presumption of openness in judicial proceedings. Proposed Intervenor Defendant Jane

Doe requests that this Honorable Court enter an order (i) permitting her to proceed by pseudonym; (ii) barring the parties from filing information containing Intervenor Defendant Jane Doe's un-redacted name or personally identifiable information; (iii) permitting parties to refer to Intervenor Defendant as "Jane Doe" throughout litigation; and (iv) granting to Intervenor Defendant Jane Doe any and all other and further relief necessary to allow her to proceed under pseudonym.

Respectfully submitted this 18th day of November, 2022.

        */s/Jenifer Rodriguez*
Jenifer Rodriguez
Migrant Farm Worker Division
Colorado Legal Services
1905 Sherman Street, Suite 400
Denver, CO 80203
Tel. (303) 866-9366
Fax (303) 863-8589
jrodriguez@colegalserv.org
*Attorney for Intervenor Defendant Jane Doe*

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2022, I served a true and correct copy of the foregoing UNOPPOSED MOTION TO PROCEED UNDER PSEUDONYM BY INTERVENOR DEFENDANT JANE DOE upon all parties to the addresses listed below, by e-filing with the CM/ECF system maintained by the Court.

Cynthia Annette Coleman
Kevin Carter Paul
Range PC
kevinpaul@range.law
cindycoleman@range.law

Todd Miller
Miller & Miller, LLC
todd@millerlawco.com

*Attorneys for Plaintiffs*

John August Lizza
Krista Marie Maher
James Christopher Kalish Boeckx
Tanya M. Santillan
Colorado Attorney General's Office
john.lizza@coag.gov
krista.maher@coag.gov
chris.boeckx@coag.gov
tanya.santillan@coag.gov

*Attorneys for Defendants Joseph M. Barela and Scott Moss*

Shelby H. Leighton
David Samuel Muraskin
Public Justice
sleighton@publicjustice.net
dmuraskin@publicjustice.net

*Attorneys for Intervenor Defendant Colorado Legal Services*

/s/ Jenifer Rodriguez